UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JASEN SMITH,

              Plaintiff,                    CIVIL ACTION NO. 08-14118

              v.                      DISTRICT JUDGE DAVID M. LAWSON

BILL CATINELLA, SAL AHMED,        MAGISTRATE JUDGE VIRGINIA M. MORGAN
SHERRY BURT, WILL RILEY,
C. BRADSHAW, YONKIE, and
PRINCE,

              Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that defendants, among other constitutional violations, denied him access to the courts. The matter comes before the Court on Plaintiff's Motion for Preliminary Injunction (D/E #3). Defendants Catinella, Ahmed, Burt, Riley and Bradshaw filed a response in opposition to plaintiff's motion (D/E #19). For the reasons discussed below, this Court recommends that plaintiff's motion be **DENIED**.

In his motion, plaintiff requests an injunction ordering defendants to refrain from interfering with plaintiff's litigation. "To determine whether to grant a preliminary injunction, a district court must consider: '(1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the

-1-

injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest.'" Abney v. Amgen, Inc., 443 F.3d 540, 546 -547 (6th Cir. 2006) (quoting Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County, 274 F.3d 377, 400 (6th Cir. 2001). However, none of the factors are a prerequisite to relief and the court should balance them. Abney, 443 F.3d at 547. Thus, even though a finding of no likelihood of success "is usually fatal[,]" Gonzales v. Nat'l Bd. of Med. Exam'rs, 225 F.3d 620, 625 (6th Cir. 2000), a district court should ordinarily analyze all of the factors. Leary v. Daeschner, 228 F.3d 729, 739 n. 3 (6th Cir. 2000).

With respect to the first factor, a plaintiff seeking preliminary injunctive relief must demonstrate a strong likelihood of success on the merits. Chabad of Southern Ohio & Congregation Lubavitch v. City of Cincinnati, 363 F.3d 427, 432-433 (6th Cir. 2004). Inmates have a constitutionally protected right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, the right of access to the courts is not unrestricted and does not mean that an inmate must be afforded unlimited litigation resources. See Lewis v. Casey, 518 U.S. 343, 352-55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir.1999). Moreover, an inmate claiming that he was denied access to the courts must show that he suffered an actual litigation-related injury or legal prejudice because of the actions of the defendants. Lewis, 518 U.S. at 349- 51; Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996).

In this case, plaintiff alleges that he was denied access to the courts when defendants barred him from sending materials directly to the trial judge in plaintiff's criminal case in regard to a lien plaintiff placed against the sentencing judge pursuant to the Uniform Commercial Code. However, while plaintiff's filings were against the judge who sentenced him in his criminal case, they do not appear to relate at all to an appeal of plaintiff's criminal sentence, a petition for writ of habeas corpus or a civil rights claim. As discussed above, "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only" Thaddeus-X, 175 F.3d at 391, and plaintiff claims in this case do not appear to fall within that right. Furthermore, plaintiff also appears likely to lose on the merits because he does not allege, or appear to have any evidence, demonstrating that he suffered an actual litigation-related injury or legal prejudice because of the actions of the defendants. See Lewis, 518 U.S. at 349- 51; Boswell, 169 F.3d at 387; Pilgrim, 92 F.3d at 416.

With respect to whether the plaintiff would suffer irreparable harm absent the injunction, plaintiff asserts that the continuing denial of an ability to send materials to the sentencing judge leaves plaintiff in a constant state of worry and stress because he is wondering if he has lost his chance at recourse or remedy. However, while plaintiff's motion for preliminary injunction discusses the danger of irreparable harm in terms of plaintiff's criminal sentence, the materials he sent to the sentencing judge, and presumably wants to send again, relate to a lien plaintiff filed against the sentencing judge and not to plaintiff's criminal case.

With respect to whether granting the injunction will cause substantial harm to others, plaintiff only argues that the threat of irreparable harm to him outweighs any harm that the

-3-

injunction may cause defendants. Defendants assert that the MDOC and the Michigan legislature have taken steps to prevent incarcerated individuals in this State from subjecting Michigan citizens from the real harm caused by the encumbrance of their private property by Michigan inmates through fraudulent UCC filings. Neither parties provides any support regarding the merits of plaintiff's filing.

Finally, with respect to the impact the injunction would have on the public interest, plaintiff only asserts a general public policy of vindicating constitutional rights while defendants point to a specific case of the United States Supreme Court. In Overton v. Bazzetta, the Supreme Court held that it must "accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." Overton v. Bazzetta, 539 U.S. 126, 132, 123 S.Ct. 2162, 2167, 156 L.Ed.2d 162 (U.S. 2003). That public policy of according deference to the professional judgment of administrators weighs in favor of denying plaintiff's motion.

Balancing the above factors, plaintiff's motion must be denied. He has failed to demonstrate that he is likely to prevail on the merits or that he would suffer irreparable harm absent the injunction. Moreover, it appears that granting the injunction would be against the public interest. Therefore, plaintiff's motion for preliminary injunction should be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

-4-

objections constitutes a waiver of any further right of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140

(1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v.</u>

<u>Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir.

1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

        Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.


                                        s/Virginia M. Morgan
                                        Virginia M. Morgan
                                        United States Magistrate Judge
Dated: January 27, 2009

_____

                              **PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via
the Court's ECF System and/or U. S. Mail on January 27, 2009.

                                        s/Jane Johnson
                                        Case Manager to
                                        Magistrate Judge Virginia M. Morgan