UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASEN TODD SMITH,

                Plaintiff,                        Case Number 08-14118
v.                                        Honorable David M. Lawson
                                            Magistrate Judge Virginia M. Morgan

BILL CATINELLA, SAL AHMED,
SHERRY BURT, WILL RILEY,
C. BRADSHAW, YONKIE, and PRINCE,

                Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CERTAIN CLAIMS WITH PREJUDICE AND WITHOUT PREJUDICE

The matter is once again before the Court on the plaintiff's objections to a report filed by Magistrate Judge Virginia M. Morgan, this time recommending that the defendants' motion for summary judgment be granted, the unexhausted claims against some of the defendants be dismissed without prejudice, and the exhausted claims against two of the defendants be dismissed on the merits with prejudice. The facts of the case and the plaintiff's allegations in his complaint and amended complaint are set forth in my previous order denying the plaintiff's motion for a preliminary injunction and need not be repeated here. It is sufficient to state that the plaintiff, a prisoner in the custody of the Michigan Department of Corrections, corresponded with the state court judge who sentenced him by sending the judge certain "self-help" documents as a precursor to filing bogus liens against the judge's property under certain provisions of the Uniform Commercial Code (UCC). The judge contacted prison officials complaining of the correspondence. The prison officials construed the judge's complaint as an objection to receiving mail from the plaintiff, and the prison officials – specifically defendants Bill Catinella and Sal Ahmed – pursued disciplinary action against

the plaintiff.  The results include a prohibition against the plaintiff contacting the sentencing judge directly.

The plaintiff filed a complaint in this Court alleging that these defendants, plus Warden Sherry Burt, Acting Warden Will Riley, and Cheryl Bradshaw, interfered with his right of access to the courts guaranteed by the First Amendment.  In an amended complaint, the plaintiff added two prison librarians as defendants, contending that one of them, Ms. Lou Yonkie, refused to copy provisions of the UCC for the plaintiff and stated that she would have to confiscate the UCC documents from the inmate if she discovered that he had them, and the other, librarian Prince, removed from the library shelf Title 22, sections 611-12 of the United States Code (dealing with registration of foreign propagandists).  The matter was referred to Judge Morgan under an order authorizing her to conduct all pretrial proceedings.  The plaintiff had filed with the complaint a motion for preliminary injunction to compel the defendants to provide him access to legal documents and copies, which the Court addressed in an order referenced above.  Thereafter, the defendants filed their motion for summary judgment.  Defendants Burt, Riley, Bradshaw, Yonkie, and Prince argue that the plaintiff failed to exhaust his administrative remedies, so the case against them must be dismissed under 42 U.S.C. § 1997e(a); and Burt, Riley, and Bradshaw also argue that they had no personal involvement.  Defendants Catinella and Ahmed argue that they are entitled to a judgment on the merits in their favor as a matter of law.

On September 4, 2009, Judge Morgan filed her report recommending that the motions be granted.  The plaintiff was granted two extensions of time to file objections, which he did on November 23, 2009.  The matter is before the Court for a *de novo* review.  Upon review, the Court finds that the plaintiff's objections lack merit and Judge Morgan was correct in her conclusion.

As was explained in the prior order, objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made.").  However, the Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).  "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

The plaintiff's objections certainly are lengthy, if not illuminating.  However, he merely repeats the arguments made to and rejected by the magistrate judge.  In his several pages, the plaintiff makes two main points: the prohibition against him contacting the state trial judge interferes with the plaintiff's ability to attack his conviction, thereby denying him access to the courts; and application of the rule prohibiting a prisoner from sending mail to a person "who has objected to receiving mail from the prisoner sending the mail," MDOC Policy Directive 05.03.118, "Prisoner Mail," ¶ D.6 (effective 01/01/06), is improper because the defendants never established that the state trial judge specifically objected in writing to the plaintiff sending him mail.  Neither of these points

warrants a result on the summary judgment motion different than recommended by the magistrate judge.

In the order denying the motion for preliminary injunction, I set forth the law that applies to claims of denial of access to the courts. That statement of the law, together with my determination that the plaintiff's claims have no merit, is incorporated here. In arguing that the mail restriction abridges his right to challenge his conviction, the plaintiff confuses the concept of access to the courts – which is based on the First Amendment right of citizens to "petition the Government for a redress of grievances," U.S. Const. amend. I; *see Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) – with his desire for access to the judge. If the plaintiff wants to challenge his conviction directly or collaterally, he may file a motion or a separate action in the state trial court. The defendants have not prohibited him from doing that, and the plaintiff does not allege otherwise. But court procedures do not condone direct contact with the judge himself, and the plaintiff certainly has no right to file liens against the judge because the plaintiff is dissatisfied with the outcome of his criminal case. A prohibition against the latter practice in no way affects the plaintiff's access to the *courts*, which presumably stand ready to receive and process the plaintiff's legitimate suit papers.

The suggestion that a fact question exists over whether the state judge objected to the plaintiff correspondences must be rejected out of hand. The record is clear that the judge was displeased with the plaintiff's antics, which amounted to no more than a bogus attempt to assert an illegal lien against the judge's property. The state prison officials reasonably found that the plaintiff's letters and notices to the state judge were unwelcome, and they properly invoked and applied MDOC Policy Directive 05.03.118 to restrict the plaintiff's conduct.

-4-

Finally, the plaintiff contends that the exhaustion rule of 42 U.S.C. § 1997e(a) is not jurisdictional and therefore not mandatory. He also alleges that he exhausted his claims against the remaining defendants. The magistrate judge properly addressed these issues, and the Court agrees with her conclusions.

After *de novo* review, the Court finds no merit in the plaintiff's claims against defendants Catinella and Ahmed, and the claims against the other defendants are not properly exhausted.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #44] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt #52] are **OVERRULED**.

It is further **ORDERED** that the defendants' motion for summary judgment [dkt #31] is **GRANTED**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE** as to defendants Catinella and Ahmed, and **DISMISSED WITHOUT PREJUDICE** as to defendants Burt, Riley, Bradshaw, Yonkie, and Prince.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 1, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 1, 2009.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO

---